# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | Bankruptcy No. 18-50242-RBK |
| Gloria Artesia Penn | § | |
| *Debtor.* | § | |
| | § | |
| | § | |
| Gloria Artesia Penn | § | Civil Action No. 5:18-cv-00354-OLG |
| *Appellant,* | § | |
| v. | § | |
| Mary K. Viegelahn, | § | |
| *Appellee.* | § | |

## MOTION TO CORRECT OR MODIFY THE RECORD AND STRIKE ITEM NO. 7 OF APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL (ECF #16)

***To the Honorable Orlando L. Garcia, United States District Court Judge***:

COMES NOW, Mary K. Viegelahn, Chapter 13 Trustee for the Western District of Texas – San Antonio Division and Appellee in the above styled and numbered proceeding who files this Motion to Correct or Modify the Record and Strike Item No. 7 of Appellant's Designation of the Record on Appeal (ECF #16). In support thereof, Appellee would respectfully show the Court the following:

## I. STATEMENT OF FACTS

Appellant filed her Notice of Appeal with the United States Bankruptcy Court for the Western District of Texas – San Antonio Division on April 19, 2018 of the Bankruptcy Court's Order Denying Motion for Order Allowing Debtor to Retain 2017 Tax Refund and Denial of Confirmation of Debtor's Amended Plan and Dismissal of Chapter 13 case with Order entered April 20, 2018. The Clerk of the United States Bankruptcy Court transmitted the Notice of Appeal to the United States District Court on April 20, 2018 pursuant to Fed. R. Bankr. P. 8003(d), which resulted in the entry of the Notice of Opening Bankruptcy Case (ECF #1). On May 2, 2018 Appellant amended her Notice of Appeal and notice of the same was transmitted to the District Court on May 3, 2018 (ECF #2). Transmission of both the Appellant's and Appellee's records on appeal to the District Court occurred on May 16, 2018 (ECF #3 and #4). Appellant designated twenty-one items and Appellee thirty-five. Important here, the items designated by Appellant did not include a transcript of a Chapter 13 confirmation hearing before the Honorable Judge King held on January 11, 2018 in the matter of *In re Barbara Gay*, Case No. 17-52558.

After consideration of the record on appeal and briefs submitted by both the Appellant and Appellee, this Court entered a Memorandum Opinion and Order affirming the orders of the Bankruptcy Court on November 13, 2018 (ECF #14).

Appellant filed her Notice of Appeal on December 12, 2018 of this Court's Memorandum Opinion and Order affirming the Bankruptcy Court's orders. (ECF #15).

On December 26, 2018 Appellant filed a Statement of Issues and Designation of the Record on Appeal (ECF #16). Appellant designates eight items. Of the eight items, Appellant has designated the transcript of a hearing not reviewed and considered by the Bankruptcy Court in rendering its decisions and not reviewed and considered by this Court in deciding the questions presented to it on appeal. *See* ECF #16, Item No. 7 (designation of transcript of Chapter 13 Confirmation Hearing in Case No. 17-52558; *In re Barbara Gay* before the Honorable Judge King on January 11, 2018).

## II. ARGUMENT

Appellee's Motion is grounded in the principle that the correctness of this Court's decision is not (and should not be) evaluated on the basis of material never presented to the District Court prior to the entry of its ruling. Equally applicable here is the principle that Appellee should not be required to address materials on appeal which she did not have an opportunity to address in the Bankruptcy Court (as the original trier of fact and law) and this Court on appeal. Both of these principles are jeopardized by the Appellant's actions here.

Appellant seeks, by her designation filed with the Court, to supplement the record with a transcript of a Chapter 13 Confirmation Hearing in Case No. 17-52558; *In re Barbara Gay* before the Honorable Judge King on January 11, 2018. This transcript is extraneous. It is a transcript from a separate, independent and unrelated Chapter 13 case. This transcript is not properly part of the record on appeal because it was not presented to the Bankruptcy Court below when it rendered its decisions. Nor was it presented to this Court prior to the Order entered from which the Appellant appeals. Further, because it was never presented to the Bankruptcy Court, nor this Court, Appellee has not had an opportunity to address it. The Appellant's inclusion in the record of a transcript from a matter never presented to Bankruptcy Court and this Court prior to its decisions is improper and unfair; and absent correction of the record, it places the Appellee in the position of having to address a transcript from an unrelated matter for the first time on appeal.[1]

The record on appeal consists only of material before the District Court at the time of its decision. Federal Rule of Appellate Procedure 10 identifies the components of the record on appeal. Fed. R. App. P. 10(a). Subsequent additions to the District Court file are not part of the record on appeal and should be dismissed. Fed. R. App. P. 10 states:

---

[1] Appellant notes that the contents of the transcript are unknown as the proceeding relates to a separate and independent Chapter 13 case.

(a) Composition of the Record on Appeal.  The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;

(2) the transcript of proceedings, if any;[2] and

(3) certified copy of the docket entries prepared by the district clerk.

Appellant's designation filed in the District Court that includes the transcript from a separate and unrelated Chapter 13 case arguably, as a "paper filed in the district court," becomes part of the record on appeal to the Fifth Circuit unless this Court addresses the matter.

Federal Rule of Appellate Procedure 10(e) authorizes the district court to take corrective action.  Fed. R. App. P. 10(e)(1) provides that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." *See United States v. Pagan-Ferrer*, 736 F.3d 573, 582-583 (1st Cir. 2013). *See also In re Saco Local Development Corp.*, 13 B.R. 226, 228 (Bankr. D. Me. 1981) (Under Rule 10(e) the court is "authorized to correct the record on appeal when a dispute arises…" and "a party should seek correction of the record in the district court when there are papers in the file which were not in fact presented to the district court."). Further, an evidentiary hearing is not required. Rule 10(e) requires that the district court settle the matter, not that it hold an evidentiary hearing. *Id.*

---

[2] The decision of this Court was rendered on the briefs and the record before it.  This Court did not hear oral arguments.  As such, there is no transcript of the proceedings.

The Appellate Rules also provide that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded." Fed. R. App. P. 10(e)(2). Rule 10(e), however, does not "allow the court to add to the record on appeal matters that might have been but were not placed before it in the course of proceedings." *United States v. Pagan-Ferrer*, at 582 (quoting *United States v. Hillsberg*, 812 F.22d 328, 336 (7th Cir. 1986).

Appellant should not be granted an opportunity to build a record with new material for her appeal to the Fifth Circuit that calls into question this Court's decision and that of the Bankruptcy Court as affirmed   Record corrections, whether by way of addition or deletion, are intended to conform the record to the material actually presented to the district court.  Rule 10(e) is not a device for supplementing the record or otherwise adding material never presented to the district court. *Id.*, at 584.  It is not a procedure for putting additional evidence before the court of appeals no matter how relevant that was not before the district court.  *Belber v. Lipson*, 905 F.2d 549, 551 n. 1 (1st Cir. 1990).  Striking Item No. 7 in this case would not only result in disclosure of what truly occurred in this Court on appeal (and the Bankruptcy Court below), which is what Rule 10(e) is designed to do, but it would also comport with what the Fifth Circuit has held.  Said the Fifth Circuit, "[p]ursuant to F.R.A.P. 10, this court reviews only the record that was before the district court."

*Ochoa v. Delaney*, 37 Fed. Appx. 87, *1 (5th Cir. 2002).  In addition, regarding a record on appeal transmitted to the District Court by the Bankruptcy Court, the Fifth Circuit has stated: "Rule [8009][3] provides that the record on appeal from a bankruptcy court's decision consists of designated materials that became part of the bankruptcy court's record in the first instance.  The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *In re Adkins*, 2014 WL 5801679 *1 (citing *In re SI Restructuring*, 480 F.App'x 327, 328-29 (5th Cir. 2012) (quoting *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003).  Items need not be formally entered into evidence, but they should be of record; and if it was not available for consideration by the court in making its determination it should be stricken. *Id.*

To be clear, parties cannot add materials to the record to support their positions on appeal. *Ochoa v. Delany, at *1. See also U.S. v. City of Brookhaven*, 134 F.2d 442 (5th Cir. 1943) (deposition not offered as evidence, nor considered by the court, could not be transmitted with the record on appeal).  A review of the underlying record transmitted by the Bankruptcy Court in this case would show that the Bankruptcy Court on April 5, 2018 did not give any indication it considered or reviewed the transcript at hearing the Appellant now seeks to supplement the record

---

[3] Opinion refers to Rule 8006, predecessor to Rule 8009.

with.[4] There was no specific mention of the *Gay* case, or of any transcript, during the hearing nor did the Court's orders reference this case. The record reflects the Bankruptcy Court entered its orders based on the specific facts of the instant case and not on any other unrelated Chapter 13 bankruptcy proceeding. The same is true regarding this Court's Memorandum Opinion. By all accounts, this Court considered only the record transmitted to it on appeal, which did not include the extraneous transcript at issue here; the briefs and motions filed in this Court; and applicable case law. The Fifth Circuit's inquiry should therefore be limited to the actual record before this Court when it rendered its decision. To ensure that this occurs given these facts, along with the law in this Circuit, this Court must grant Appellee's Motion and strike Item No. 7 designated by the Appellant from the record.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mary K. Viegelahn, Appellee prays that the Court grant her Motion by striking Item No. 7 designated by the Appellant from the record; and for such other relief that is just and equitable.

Date:  January 8, 2019

Respectfully Submitted,

/s/ Vanessa Guerrero
Vanessa Guerrero, TX - 24040788
*Counsel of Record*

---

[4] *See* Appellee's Record on Appeal #29 (transcript of hearing in *In re Penn*)

David Van Zyl, MI - P39875
Marshall Armstrong, TX - 24027037
**Mary K. Viegelahn**
**Standing Chapter 13 Trustee**

10500 Heritage Blvd., Ste. 201
San Antonio, Texas 78216
Telephone: (210) 824-1460
Telecopier: (210) 824-1328
vguerrero@sach13.com

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re*: | § | Bankruptcy No. 18-50242-RBK |
| Gloria Artesia Penn | § | |
|     *Debtor.* | § | |
| _____ | § | |
| | § | |
| Gloria Artesia Penn | § | Civil Action No. 5:18-cv-00354-OLG |
|     *Appellant,* | § | |
| v. | § | |
| Mary K. Viegelahn, | § | |
|     *Appellee.* | § | |

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing Appellee's Motion to Correct or Modify the Record and Strike Item No. 7 of Appellant's Designation of the Record on Appeal (ECCF #16) was filed electronically with the Court via the CM/ECF system, which notices all interested parties using the CM/ECF system. In addition, the undersigned certifies the above and foregoing Motion was served via CM/ECF or mailed via first class regular mail on this 8th day of January 2019 to the following parties:

Joris Robert Vanhemelrijck, Attorney for Debtor
Vanhemelrijck Law Offices, P.C.
1100 N.W. Loop 410, Ste. 215
San Antonio, TX 78213

Jessica Hanzlik, Attorney for Debtor
Vanhemelrijck Law Offices, P.C.
1100 N.W. Loop 410, Ste. 215
San Antonio, TX 78213

Gloria Artesia Penn, Debtor
4306 Springoak St.
San Antonio, TX 78219

Date:  January 8, 2019

/s/ Vanessa Guerrero
Vanessa Guerrero, TX - 24040788
*Counsel of Record*

David Van Zyl, MI - P39875
Marshall Armstrong, TX - 24027037
**Mary K. Viegelahn**
**Standing Chapter 13 Trustee**

10500 Heritage Blvd., Ste. 201
San Antonio, Texas 78216
Telephone: (210) 824-1460
Telecopier: (210) 824-1328
vguerrero@sach13.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re*:<br>Gloria Artesia Penn<br>　　*Debtor*. | §<br>§<br>§<br>§ | Bankruptcy No. 18-50242-RBK |
| | § | |
| Gloria Artesia Penn<br>　　*Appellant*,<br>v.<br>Mary K. Viegelahn,<br>　　*Appellee*. | §<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:18-cv-00354-OLG |

**ORDER ON MOTION TO CORRECT OR MODIFY THE RECORD AND
STRIKE ITEM NO. 7 OF APPELLANT'S DESIGNATION OF
THE RECORD ON APPEAL (ECF #16)**

Came on for consideration the Appellee's Motion to Correct or Modify the Record and Strike Item No. 7 of Appellant's Designation of the Record on Appeal (ECF #16). The Court having considered the Motion finds that the Motion is meritorious and is **GRANTED**.

On December 12, 2018 Gloria Artesia Penn, Appellant, filed a Notice of Appeal to the Fifth Circuit Court of Appeals from this Court's Memorandum Opinion and Order entered November 13, 2018. On December 26, 2018 Appellant filed a Designation of Record on Appeal. Federal Rule of Appellate Procedure 10 defines the components of a record on appeal. Pursuant to Fed. R. App. P. 10(a))

parties to an appeal are precluded from including materials or other evidence not presented to the district court prior to its decision. Any issues that arise as it relates to the record on appeal may be corrected by the district court pursuant to Fed. R. App. P. 10(e).

Appellant's Designation filed on December 26, 2018 includes, as Item No. 7, a transcript of a Chapter 13 Confirmation Hearing in Case No. 17-52558; *In re Barbara Gay* before the Honorable Judge King on January 11, 2018. Item No. 7 was not presented to the Bankruptcy Court in the proceedings below; nor was it presented to and included in the record before this Court prior to the entry of the Memorandum Opinion and Order to which the Appellant appeals. Inclusion of Item No. 7 would not accurately disclose what truly occurred in this Court. Therefore, pursuant to Fed. R. App.. P. 10, Item No. 7 has improperly been designated as part of the record on appeal. And, in accordance with the Fifth Circuit, cannot be reviewed on appeal as it was not included in the record before this Court.

**IT IS THEREFORE ORDERED** that Item No. 7 of the Appellant's Designation of Record on Appeal (ECF #16) is stricken as not having been included in the record before this Court prior to entry its Memorandum Opinion and Order.

**IT IS SO ORDERED** this _____ day of _____, 20_____.

_____
United States District Judge


Order prepared and submitted by:

/s/ Vanessa Guerrero
Vanessa Guerrero, TX - 24040788
  *Counsel of Record*

David Van Zyl, MI - P39875
Marshall Armstrong, TX - 24027037
**Mary K. Viegelahn**
**Standing Chapter 13 Trustee**


10500 Heritage Blvd., Ste. 201
San Antonio, Texas 78216
Telephone: (210) 824-1460
Telecopier: (210) 824-1328
vguerrero@sach13.com